UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-4471(DSD/FLN)

Nadine Babu,

        Plaintiff,

v.                                                               **ORDER**

City of Becker; Benton County;
City of Blaine; City of
Bloomington; City of Cottage
Grove; City of Eagan; City of
Eden Prairie; Fillmore County;
City of Hopkins; City of Lake
Crystal; City of Minneapolis;
City of Minnetonka; City of
Moorhead; City of Orono;
Sherburne County; Washington
County; Michael Campion, in
his individual capacity as the
Commissioner of the Department
of Public Safety; Ramona Dohman,
in her individual capacity as
the Commissioner of the
Department of Public Safety;
Department of Public Safety
Does (1-30) acting in their
individual capacity as officers,
supervisors, staff, employees,
independent contractors or
agents of the Minnesota Department
of Public Safety; and Entity
Does (1-50) including cities,
counties, municipalities, and
other entities sited in Minnesota,

        Defendants.

    Lorenz F. Fett, Jr., Esq., Sonia L. Miller-Van Oort,
    Esq., Jonathan A. Strauss, Esq. and Sapientia Law Group
    PLLC, 120 South Sixth Street, Suite 100, Minneapolis, MN
    55402, counsel for plaintiff.

    Jon K. Iverson, Esq., Stephanie A. Angolkar, Esq., Susan
    M. Tindal, Esq. and Iverson Reuvers Condon, 9321 Ensign
    Avenue South, Bloomington, MN 55438, counsel for Cities
    of Becker, Blaine, Bloomington, Cottage Grove, Eagan,

    Eden Prairie, Hopkins, Lake Crystal, Minnetonka, Moorhead and Orono.

    Jamie L. Jonassen, Esq., Joseph E. Flynn, Esq. and Jardine, Logan & O'Brien PLLP, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042, counsel for the counties of Benton, Sherburne and Washington.

    Darla J. Boggs, Esq., Gregory P. Sautter, Esq. and Office of the City Attorney, 350 South Fifth Street, City Hall, Room 210, Minneapolis, MN 55415, counsel for City of Minneapolis.

    Oliver J. Larson, Esq., Minnesota Attorney General's Office, Suite 1800, 445 Minnesota Street, St. Paul, MN 55101, counsel for Michael Campion and Ramona Dohman.

This matter is before the court upon the motions to dismiss by defendants[1] and the motions to sever by all defendants except the Commissioner Defendants. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motions to dismiss and denies as moot the motions to sever.

---

[1] Defendants include the cities of Becker, Blaine, Bloomington, Cottage Grove, Eagan, Eden Prairie, Hopkins, Lake Crystal, Minneapolis, Minnetonka, Moorhead, and Orono (collectively, City Defendants); the counties of Benton, Fillmore, Sherburne, and Washington (collectively, County Defendants); Michael Campion and Ramona Dohman, acting in their individual capacities as Commissioner of the Minnesota Department of Public Safety (collectively, Commissioner Defendants); and unknown persons and entities (Unknown Defendants).

2

**BACKGROUND**

This privacy dispute arises out of defendants' access of the motor vehicle record of plaintiff Nadine Babu between 2009 and 2013. Compl. ¶ 2. Babu is a social media strategist, who has commented on University of Minnesota sports in print, on the radio, and on television. Id. ¶¶ 39-44. Babu asserts claims against numerous counties and cities, as well as against the current and former commissioners of the Minnesota Department of Safety (DPS). This case is just one of many nearly identical cases filed in this district, six of which this court previously dismissed. See Potocnik v. Anoka Cnty., No. 13-1103, 2014 WL 683980 (D. Minn. Feb. 21, 2014); Bass v. Anoka Cnty., 998 F. Supp. 2d 813 (D. Minn. 2014); McDonough v. Al's Auto Sales, Inc., No. 13-1889, 2014 WL 683998 (D. Minn. Feb. 21, 2014); Tichich v. City of Bloomington, No. 14-298, 2014 WL 3928530 (D. Minn. Aug. 12, 2014); Kendall v. Anoka Cnty., No. 14-247, 2014 WL 3955265 (D. Minn. Aug. 13, 2014); Nyhus v. City of Blaine, No. 13-2878, 2014 WL 4348239 (D. Minn. Sept. 2, 2014).

DPS makes drivers' motor vehicle records available to law enforcement officers through a computerized Driver and Vehicle Services (DVS) database. Compl. ¶¶ 45, 137. Babu requested an audit of her DVS motor vehicle record from DPS. Id. ¶ 204. The audit showed that the record had been accessed 40 times since 2009 from facilities maintained by defendant counties and cities. See

id. ¶ 211; see id. Ex. A.  The record included her address, photograph, date of birth, weight, height, eye color, driver identification number, social security number, and medical and donor information.  Id. ¶ 314.  Babu alleges that there was no legitimate purpose for each access, and that the Commissioner Defendants "disclosed ... [her] [p]rivate [d]ata ... by devising and implementing ... the DVS database."  Id. ¶ 172.

On October 24, 2014, Babu filed suit, alleging a claim under the Driver's Privacy Protection Act (DPPA).  The City Defendants, County Defendants, and Commissioner Defendants move to dismiss.  All defendants except the Commissioner Defendants also move to sever.

**DISCUSSION**

**I.   Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556

4

(2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

**II.  DPPA**

Babu asserts a claim against all defendants for violations of the DPPA. The DPPA provides that "[i]t shall be unlawful for any person knowingly to obtain or disclose personal information,[2] from a motor vehicle record, for any use not permitted under section 2721(b)[3] of this title." 18 U.S.C. § 2722. Under the DPPA, any "person[4] who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to

---

[2] The DPPA defines "personal information" as including "an individual's photograph, social security number, driver identification number, name, address ..., telephone number, and medical or disability information." 18 U.S.C. § 2725(3).

[3] Section 2721(b) provides that permissible uses include, but are not limited to: court and law enforcement functions, motor vehicle or driver safety or monitoring, certain conduct of legitimate businesses, research activities, production of statistical reports, insurance-related purposes, private investigative agency or security service activities, and bulk distribution of surveys and marketing materials. 18 U.S.C. § 2721(b).

[4] A "person" includes "an individual, organization or entity, but does not include a State or agency thereof." 18 U.S.C. § 2725(2).

5

whom the information pertains." Id. § 2724(a). Babu alleges that all defendants either obtained or disclosed her information without a permitted purpose.

### A. Statute of Limitations

Defendants first argue that some of the DPPA claims are time-barred. Because the DPPA does not contain a statute of limitations, the general four-year federal statute of limitations applies. See 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress ... may not be commenced later than 4 years after the cause of action accrues."). The parties dispute, however, when a DPPA cause of action accrues. Defendants argue that the court should adopt "[t]he general rule concerning statutes of limitation[, which] is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." Ridenour v. Boehringer Ingelheim Pharms., Inc., 679 F.3d 1062, 1065 (8th Cir. 2012) (first alteration in original) (citations and internal quotation marks omitted). Babu responds that the "discovery rule" applies, and that "the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." Id. (citations omitted).

Although the Eighth Circuit is silent on when a DPPA cause of action accrues, courts in this district hold that the general accrual rule applies to the DPPA. See, e.g., Potocnik, 2014 WL

6

683980, at *2; <u>Rasmusson v. Chisago Cnty.</u>, 991 F. Supp. 2d 1065, 1082 (D. Minn. 2014); <u>Kost v. Hunt</u>, 983 F. Supp. 2d. 1121, 1127-28 (D. Minn. 2013). In <u>Kost</u>, Judge Ericksen considered relevant precedent as well as textual, historical, and equitable arguments before applying the general accrual rule to DPPA claims. 983 F. Supp. 2d at 1126-28. The court finds <u>Kost</u> persuasive and again adopts its reasoning in applying the general accrual rule.[5] As a result, all claims relating to conduct before October 24, 2010 — four years before Babu commenced this suit — are time-barred, and dismissal of those claims is warranted.

**B.   Claims Against Commissioners**

As to the timely claims, Babu first alleges DPPA claims against the Commissioner Defendants. Babu does not allege, however, that the Commissioner Defendants personally obtained the record or personally communicated such information to others. Rather, Babu alleges that the Commissioner Defendants created,

---

[5] Babu also argues that, even if the general accrual rule otherwise applies, the court should apply the discovery rule because defendants fraudulently concealed their activities. In some situations, "fraudulent concealment of information material to a non-fraud claim will toll a limitations period." Abbotts v. Campbell, 551 F.3d 802, 805-06 (8th Cir. 2008) (citation omitted). However, "[u]nder Rule 9(b)'s heightened pleading standard, allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity." Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011) (second alteration in original) (citation and internal quotation marks omitted). Here, Babu has not pleaded fraudulent concealment, let alone pleaded it with the requisite particularity. As a result, the allegations of fraudulent concealment are not properly before the court, and this argument is unavailing.

maintained and inadequately monitored the DVS database, thereby facilitating others' improper access to the record. Babu argues that these allegations support a finding of liability.

To be liable under the DPPA, however, "the Commissioners *themselves* must have acted with ... a[n impermissible] purpose." Nelson v. Jesson, No. 13-340, 2013 WL 5888235, at *3 (D. Minn. Nov. 1, 2013) (emphasis in original). In other words, the DPPA does not impose liability on one who indirectly facilitates *another's* access of a motor vehicle record by maintaining an electronic database. See id.; see also Kiminski v. Hunt, Nos. 13-185, 13-208, 13-286, 13-358, 13-389, 2013 WL 6872425, at *9 (D. Minn. Sept. 20, 2013) ("But the provision[s of the DPPA] may not be stretched to the point of rewriting .... so [that the statute] reaches others at a state agency who gave the officer database access for a legitimate purpose, merely because they did so in a negligent manner."); McDonough, 2014 WL 683998, at *3 (same). Babu has not pleaded that the Commissioner Defendants acted with an impermissible purpose. Moreover, unlike other statutes, the DPPA does not expressly create a private right of action for mismanagement of records, and the court declines to recognize one here. See Kiminski, 2013 WL 6872425, at *9 (observing that, unlike the DPPA, the Internal Revenue Code explicitly allows private damages claims for negligent disclosures of confidential information).

8

Babu acknowledges Kiminski and the court's prior orders, but argues that her claims survive dismissal because she alleges that the Commissioner Defendants failed to make any "reasonable effort [or] direct[] any subordinate to make any reasonable effort to require that the specified purpose of the disclosure was legitimate and would be adhered to by the person [accessing the data]." Compl. ¶ 144. Babu, however, has the burden to plead and prove that the Commissioner Defendants had a "bad purpose" for maintaining the database in its current form. Potocnik v. Carlson, 9 F. Supp. 3d 981, 988 (D. Minn. 2014). Babu has not met this burden, and dismissal as to the timely DPPA claims against the Commissioner Defendants is warranted.

**C.   Claims Against Cities and Counties**

As to the remaining claims, Babu alleges that defendants accessed her motor vehicle record "for purposes that are impermissible under the DPPA." Compl. ¶ 328. Defendants respond that such allegations are insufficient to state a claim under Iqbal and Twombly. The court agrees.

Under the DPPA, the plaintiff has the burden of pleading that a defendant accessed a motor vehicle record with an impermissible purpose. See Maracich v. Spears, 675 F.3d 281, 299-300 (4th Cir. 2012), vacated on other grounds, 133 S. Ct. 2191 (2013); Howard v. Criminal Info. Servs., Inc., 654 F.3d 887, 890-91 (9th Cir. 2011); Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, &

9

Stevens, P.A., 525 F.3d 1107, 1113-14 (11th Cir. 2008). Here, Babu baldly states that "[n]one of the [i]ndividual [d]efendants' activities fell within the DPPA's permitted exceptions for procurement of Babu's private information." Compl. ¶ 322. Babu thus asks the court to speculate and conclude — solely from the number of times defendants allegedly accessed the record, the fact that her data was sometimes accessed at odd hours,[6] and her unblemished criminal record — that the purposes of law enforcement personnel were impermissible. As already explained, however, "labels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). Although at this stage in the proceedings, Babu is entitled to the benefit of all reasonable inferences, "a reasonable inference is one which may be drawn from the evidence *without resort to speculation*." Kinserlow v. CMI Corp., 217 F.3d 1021, 1026 (8th Cir. 2000) (emphasis added) (citation and internal quotation marks omitted).

Babu argues that her complaint is bolstered because she is a well-known social media personality. This allegation, however, does not raise her claims above the speculative level, because Babu does nothing to connect her alleged celebrity to the conduct at

---

[6] Timing of access, however, is irrelevant because "police work is not confined to a typical workday." Ray v. Anoka Cnty, 24 F. Supp. 3d 843, 849 n.5 (D. Minn. 2014).

10

issue. See Mitchell v. Aitkin Cnty., No. 13-2167, 2014 WL 835129, at *2, 8 (D. Minn. Mar. 4, 2014) (dismissing DPPA claim brought by news anchor because her allegations did not provide any "indication of a connection or interaction between an identifiable law enforcement officer and the plaintiff, from which the asserted impropriety of the officer's retrieval of the plaintiff's data can be plausibly inferred"); Ray, 24 F. Supp. 3d at 849 (dismissing DPPA claims because the allegations provided "no basis to infer that any officers in the remaining jurisdictions have any personal connection to or interest in [plaintiff]"). But see Heglund v. Aitkin Cnty., No. 14-296, 2014 WL 4414821, at *6 (D. Minn. Sept. 5, 2014) (finding a plausible claim where plaintiff was a law enforcement officer in the county with the most look-ups, she had been harassed by her ex-husband - who is also a law enforcement officer with access to the database - and her current husband's record was simultaneously accessed); Smythe v. City of Onamia, No. 12-03149, 2013 WL 2443849, at *6 (D. Minn. June 5, 2013) (concluding that plaintiff plausibly stated a DPPA claim because he alleged in detail a "long and contentious history" between himself and the person solely responsible for accessing his data).

Moreover, "in the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties." United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926) (citations omitted), cited with approval in

11

Wilburn v. Astrue, 626 F.3d 999, 1003-04 (8th Cir. 2010); cf. United States v. Eklund, 733 F.2d 1287, 1294 (8th Cir. 1984) (noting that the court was "unwilling to infer improper motivation" of government officials given the presumption of regularity). Further, the legislative history of the DPPA indicates that Congress intended to preserve broad discretion for government entities and agents in accessing motor vehicle records. See Kost, 983 F. Supp. 2d at 1133-34. As a result, the court will not infer from bare, conclusory allegations that defendants' purposes were improper. See Lancaster v. City of Pleasanton, No. C-12-05267, 2013 WL 5182949, at *3-4 (N.D. Cal. Sept. 13, 2013) (dismissing DPPA claim as insufficiently detailed to satisfy Rule 8(a) pleading requirements). Therefore, Babu has not adequately pleaded the DPPA claims under Twombly and Iqbal, and dismissal of the remaining timely DPPA claims is warranted.

**III. Severance**

Finally, all defendants except the Commissioner Defendants move for severance pursuant to Rule 20. Because the court has determined that Babu fails to state a claim against all defendants, the motions to sever are denied as moot.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motions to dismiss [ECF Nos. 9, 12, 17, and 22] are granted;

2. The motions to sever [ECF Nos. 9, 12, and 17] are denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 20, 2015

s/David S. Doty  
David S. Doty, Judge  
United States District Court